# United States Bankruptcy Court
## Eastern District of Wisconsin

09-32442

In re    Mary Nunez      Debtor(s)    Case No.     Chapter   13

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of $548.17 per month for 36 months, then $613.17 per month for 10 months, then $631.50 per month for 14 months.

   Total of plan payments: $34,706.82

2. <u>Plan Length</u>: This plan is estimated to be for 60 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment in full of the secured portion of their proof of claim, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee: 10.00%
      (2) Attorney's Fee (unpaid portion): $2,979.00 to be paid through plan in monthly payments
      (3) Filing Fee (unpaid portion): NONE

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         -NONE-

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | -NONE- | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

            Claimant and proposed treatment:    -NONE-

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| Wells Fargo Auto Finance | 2004 Chevrolet Cavalier Mileage: 90,001 | 100.00 |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| American General Finance | 750.00 | Pro Rata | 3.25% |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims shall be paid the principal balance listed in the Creditor's proof of claim plus interest in the amount listed below.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Wells Fargo Auto Finance | 9,052.00 | Pro Rata | 4.25% |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

(2) General Nonpriority Unsecured: General Nonpriority Unsecured non-priority claims shall be paid not less then **1**% of their respective total claims and paid pro rata, with no interest. If the Plan duration actually becomes 36 months or less, then the unsecured claims shall be paid either 100% or all remaining available funds through month 36.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| Wilshire Credit Corporation (1st Mortgage) | 17,047.41 | 0.00% |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Wilshire Credit Corporation (1st Mortgage) | 130,157.59 | 887.00 | 0.00% |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
Debtor's Employer: ABQC Corp

$253.00 to be deducted Bi-weekly and remitted to the Trustee.

09-32442

8. The following executory contracts of the debtor are rejected:

    Other Party                                                     Description of Contract or Lease
    -NONE-

9. Property to Be Surrendered to Secured Creditor

    Name                                                               Amount of Claim     Description of Property
    -NONE-

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| Wilshire Credit Corporation | 0.00 | 1959 South Layton Blvd. |
| (2nd Mortgage) | | Milwaukee, WI 53215 |
| | | Highest possible price per BPO |

11. Title to Property of the Estate shall revest in the debtor upon discharge, dismissal or other Order of the Court. During the pendency of the plan confirmed herein, all property of the estate, as defined in §1306(a) of Title 11 of the United States Code, shall remain under the exclusive jurisdiction of the Court.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
    $253.00 to be deducted bi-weekly and remitted to the trustee from the debtor's paycehck at:
    ABQC Corp
    1602 S 1st Street
    Milwaukee WI 53204

    Attorneys' fees are to be paid at the rate of one-half of available funds each month. If all secured claims have been paid in full, Attorneys are to receive all available funds each month until paid in full.

    Secured Creditors will receive post confirmation payments at the rate of one-half of all available funds each month until all administrative claims are paid in full and then will receive the all available funds until they are paid in full.

    The debtor hereby rejects any and all contracts with any creditors, including, but not limited to, any arbitration clauses contained in therein, other than contracts or leases secured solely by real property or any creditors whose contract or lease is specifically accepted in Schedule G.

    Secured Claims which do not become due in full within the term of the Plan and are only secured by a security interest solely in real property that is the debtor's principal residence shall be paid according to the amount claimed on the creditor's proof of claim (unless objected to and an amount is set by the Court) rather than the amount proposed in this Plan. The interest rates on the arrearages shall be the rates provided by this Plan.

    Debtor will pay one half of the income tax refunds received during the plan to the trustee to shorten the overall length of the plan. The plan shall be no shorter than 36 months unless the debtor pays 100% of the unsecured creditors. If the tax refunds shorten the plan to 36 months, any extra sums will go as an additional dividend to claimants. The other half of the tax refunds will be retained by the debtor to help supplement the debtor's expenses and assist with changes in the cost of living during the course of the plan.

Date  August 28, 2009                           Signature
                                                                     Mary Nunez
                                                                        Debtor